FILED

2005 OCT 11 P 3: 09

U.S. DISTRICT COURT
BRIDGEPORT. CONN

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LOUIS PAGLIUCO, ET AL                    :

                   Plaintiff,     :     CIV. NO. 3:01CV00836 (WIG)

     vs.                                  :

CITY OF BRIDGEPORT, ET AL                :

               Defendants        :     SEPTEMBER 29, 2005

## 56(a) STATEMENT

1.    The Plaintiff, Louis Pagliuco, leased the premises located at 2284-2294 Fairfield Avenue, Bridgeport, Connecticut, from Joseph Voll.  Bridgeport v. 2284 Corporation, 63 Conn. App. 624, 778 A.2d 222 (2001) (Exhibit 4 – Affidavit of Russell D. Liskov, Esq.).

2.    On or about October, 2998, the monthly rent for 2284-2294 Fairfield Avenue, Bridgeport, Connecticut, was $2,200.00 (Exhibit 4 – Affidavit of Russell D. Liskov, Esq.; Exhibit 4 – Deposition of Pagliuco, page 18, line 7-9).

3.    The City of Bridgeport took title to 2284-2294 Fairfield Avenue, Bridgeport, Connecticut by strict foreclosure on or about October 15, 1998.  Bridgeport v. 2284 Corporation, 63 Conn. App. 624 (2001) (Exhibit 4 - Affidavit of Russell D. Liskov, Esq.).

JBF05023                             1

4.      The City of Bridgeport commenced eviction proceedings against the Plaintiff on or about February 5, 1999 (Exhibit 4 – Affidavit of Russell D. Liskov, Esq.).

5.      The Plaintiff was evicted from the subject premises on September 23, 2001 (Exhibit 4 – Affidavit of Russell D. Liskov, Esq.).

6.      From the date the City of Bridgeport took title to the premises on October 15, 1998 to the date of the Plaintiff's eviction on September 23, 2001, the Plaintiff did not pay any rent or use and occupancy payments (Exhibit 4 – Affidavit of Russell D. Liskov, Esq.).

7.      The Plaintiff, Louis Pagliuco, offered to pay rent if the City of Bridgeport entered into a lease with him (Exhibit 4 – Affidavit of Russell D. Liskov, Esq.; Deposition of Louis Pagliuco, page 20, lines 15-17).

8.      The Plaintiff owes the City of Bridgeport back rent and/or use an occupancy of $79,200.00, broken down as $2,200.00 a month for thirty six (36) months (Exhibit 4 – Affidavit of Russell D. Liskov, Esq.).

9.      The Plaintiff, Louis Pagliuco, conducted a business at 2284-2294 Fairfield Avenue, Bridgeport, Connecticut, known as Dangerous Curves (Deposition of Louis Pagliuco, page 17, lines 14-17).

10.     Dangerous Curves had entertainment in the form of strippers, sold liquor and frozen pizza.  Strippers would perform lap dances in private booths for patrons [Deposition of Louis Pagliuco, page 38, lines 3-8 – Exhibits 11(c)-(f).  The men's

restrooms are shown in Exhibit 11(g)(h).  Deposition of Louis Pagliuco, page 45, lines 8-14].

11.    Lt. Robert Sapiro (formerly Sergeant) conducted eleven inspections of the Plaintiff's premises during a three year time period from November, 1997 through November, 2000  (Affidavit of Lt. Robert Sapiro).

12.    During that three year period, Lt. Sapiro and other police officers found and cited the Plaintiff, Pagliuco, for a number of violations of state statutes and ordinances including liquor violations, indications of prostitution and narcotic activity (Affidavit of Lt. Robert Sapiro).

13.    The Statewide Cooperative Crime Control Task Force conducted an undercover operation at Dangerous Curves between December 19,2 000 through February 15, 2001 (Exhibit 8 – Summons and Complaint, State of Connecticut v. Louis Pagliuco, et al, paragraphs 13 and 14;  Deposition of Louis Pagliuco, page 36, lines 24-25;  page 37, lines 1-25;  page 38, lines 1-25;  page 39, lines 1-19).

14.    The State Attorney's Office instituted a nuisance lawsuit on or about April 24, 2001, against Louis Pagliuco, the real property at 2294 Fairfield Avenue, Bridgeport, Connecticut;  the Corporation 2294 and the business named Dangerous Curves (Exhibit 8 – Summons and Complaint;  Deposition of Louis Pagliuco, page 36, lines 24-25;  page 37, lines 1-25;  pages 38, lines 1-25;  and page 39, lines 1-19).

15.    The Plaintiff entered into a stipulation to settle the lawsuit brought by the State Attorney's Office where, among other provisions, he agreed that "a. no illegal drugs shall be permitted on the premises." and "b. No prostitution shall be permitted on the premises."; Exhibit 9 – Motion for Judgment in Accordance with Stipulation and Stipulation for Temporary Orders (paragraph 2); Deposition of Louis Pagliuco, page 30, lines 23-25; page 31, lines 1-5; page 32, lines 18-25; page 33, lines 1-25; page 34 lines 1-25, page 35, lines 1-25, page 36, lines 1-23.

16.    The State of Connecticut, Department of Consumer Protection, Liquor Control Commission instituted an administrative action against Louis Pagliuco doing business as Dangerous Curves Café in 2000 for violations that occurred on September 17, 1999, November 30, 1999, March 5, 2000, and June 2, 2000. The Plaintiff was charged with violation of Connecticut General Statutes §30-54, 30-86 and Regulations §§30-6-A12, 30-A23(a)(1), 30-6-A23a and 30-6-A24(d)(3)(g); Exhibit 6, Offer in Compromise; Deposition of Louis Pagliuco, page 30, lines 23-25; page 31, lines 18-25; page 32, lines 18-25; page 33, lines 1-25; page 34, lines 1-25; page 35, lines 1-25; and page 36, lines 1-23).

17.    The terms of the Offer in Compromise was that the Plaintiff's business would be closed for forty five (45) days and that he would pay a ten thousand dollar ($10,000.00) fine  (Exhibit 6 – Offer in Compromise; Deposition of Louis Pagliuco, page 33 lines 4-7; page 34, lines 22-24).

JBF05023                                                        4

18.    The Defendant, Health Director Thomas Gecewicz, and the Defendant, Staff Physician Josette Boukhalil, conducted an inspection of the Plaintiff's premises on December 22, 2000 (Affidavit of Thomas Gecewicz;  Affidavit of Josette Boukhalil; Deposition of Louis Pagliuco).

19.    The Plaintiff was cited for health violations and closed for several hours until those violations were cleared (Deposition of Louis Pagliuco, page 60, lines 10-25; page 61, lines 1-22).

20.    The Plaintiff's three/four year old son was free to roam the Dangerous Curves strip club, including the bar and women's restroom/changing room (Affidavits of Thomas Gecewicz and Josette Boukhalil, M.D.;  Exhibit 11(j) – Photographs of child at bar).

21.    The Defendants, Gecewicz and/or Boukhalil, M.D., notified the State of Connecticut Department of Families and Children regarding their concern regarding the presence of the child in the strip club and remarks that the child made (Affidavits of Thomas Gecewicz and Josette Boukhalil, M.D.).

22.    The Plaintiff did not seek a psychologist, psychiatrist or any medical professional for his claim of mental distress (Deposition of Louis Pagliuco, page 63, lines 3-13).

THE DEFENDANTS

By: _____
John H. Barton
Associate City Attorney
OFFICE OF THE CITY ATTORNEY
999 Broad Street - 2nd Floor
Bridgeport, CT  06604
Telephone #203/576-7647
Fed. Bar No. 05746

## CERTIFICATION

This is to certify that a copy of the foregoing "56(a) Statement" has been hand

delivered and/or mailed, postage prepaid, on this ____11____ day of __October__,

2005, to:


**John R. Williams, Esq.**
**51 Elm Street, Suite 409**
**New Haven, CT  06510**



_____
John H. Barton

JBF05023                                    6